UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

W<small>ADE</small> B<small>RADLEY</small>,

       Plaintiff,                           Hon. Paul L. Maloney

v.                                            Case No. 1:21-cv-176

B<small>ENTON</small> H<small>ARBOR</small> P<small>OLICE</small>
D<small>EPARTMENT</small>, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 31). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this matter terminated.

## BACKGROUND

Plaintiff initiated this action against: (1) Benton Harbor Police Officer Reginald Gee; (2) the Benton Harbor Police Department; and (3) the Michigan Department of Corrections (MDOC). The factual allegations in Plaintiff's complaint, (ECF No. 1), in their entirety, are as follows:

-1-

> Officer McGee[1] came to the parole office on 497 Waukonda St on a call of a parole violation. He allegedly checked me and alleged I possessed control[led] substances and never administered a field test. I was arrested and sanctioned. Several times at trial the Michigan State Crime Lab confirmed that no controlled substances was passed at all.

(ECF No. 1, PageID.1-2).

Plaintiff alleges that the parole sanctions that were imposed against him were unlawful. Plaintiff's claims against the MDOC were previously dismissed. (ECF No. 20-21). Defendants Gee and Benton Harbor Police Department now move for dismissal. Plaintiff has responded to the motion.[2]

## **LEGAL STANDARD**

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Motions brought under Rule 12(c) are analyzed pursuant to the same standard applied to motions alleging failure to state a claim on which relief may be granted under Rule 12(b)(6). *See Bates v. Green Farms Condominium Association*, 958 F.3d 470, 480 (6th Cir. 2020).

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true,

---

[1] As noted in Defendants' motion, the Officer's last name is Gee not McGee.
[2] While Plaintiff has responded to the motion, his response is merely a request that the Court "remand" this matter "for settlement." (ECF No. 33).

however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The burden to obtain relief under Rule 12(b)(6), however, rests with the defendant. *See, e.g., DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." A motion to dismiss "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Ibid.*

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also, Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

As Plaintiff alleges in his complaint, Officer Gee was dispatched to detain Plaintiff following a determination that Plaintiff had violated his parole. After taking Plaintiff into custody, Gee conducted a search of Plaintiff's person. (ECF No. 31-1, PageID.101-02). This search revealed four small containers "with brown/grayish powdery substance on the inside of each one." (*Id.*, PageID.102). Field testing indicated that the substance in question was methamphetamine/MDMA. (*Id.*). Plaintiff was charged with possession of methamphetamine. (*Id.*, PageID.104).

Plaintiff alleges that he was thereafter subjected to unlawful (and unspecified) parole sanctions. Plaintiff has failed to allege, however, that any such parole sanctions he experienced were unlawful or the result of any improper actions by Officer Gee. Instead, Officer Gee detained Plaintiff for a parole violation after which he conducted a search of Plaintiff's person. This search uncovered what field testing indicated was a controlled substance. Plaintiff has failed to allege any wrongdoing by Officer Gee. In response to the present motion, Plaintiff offers neither evidence nor argument, but instead merely requests that this matter be "remanded. . .for settlement." Accordingly, the undersigned recommends that Defendant Gee's motion to dismiss be granted.

Defendant Benton Harbor Police Department is likewise entitled to relief as it is not susceptible to suit in this action. *See, e.g., Schwab v. Wyoming Police Department*, 2020 WL 3603283 at *5 (W.D. Mich., July 2, 2020) ("it is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action").

Accordingly, the undersigned recommends that Plaintiff's claim against Defendant Benton Harbor Police Department be dismissed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 31) be granted and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal by Plaintiff of this determination would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

Date: October 12, 2021          /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge