UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WADE BRADLEY, ) | |
|     Plaintiff, ) | |
| ) | No. 1:21-cv-176 |
| v. ) | |
| ) | Honorable Paul L. Maloney |
| BENTON HARBOR POLICE ) | |
| DEPARTMENT, et al., ) | |
|     Defendants. ) | |
| ) | |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip Green, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on October 12, 2021 (ECF No. 35). The R&R recommends that this Court grant Defendants' motion to dismiss and that the matter be terminated. The parties were given fourteen days to file written objections to the proposed findings and recommendation per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed objections to the R&R (ECF No. 36), and Defendants filed a reply to the objections (ECF No. 37). Because Plaintiff has failed to state a claim upon which relief can be granted, the Court will adopt the R&R and terminate this matter.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

The only facts alleged in Plaintiff's complaint are as follows:

> Officer McGee came to the parole office on 497 Waukonda St. on a call of a parole violation. He allegedly checked me and alleged I possessed control[led] substances and never administered a field test. I was arrested and sanctioned. Several times at trial the Michigan State crime lab confirmed that no controlled substances [were possessed] at all.

(ECF No. 1 at PageID.1-2). Defendants subsequently moved to dismiss under Fed. R. Civ. P. 12(c) based on three arguments: (1) Plaintiff's claim is barred by the statute of limitations, (2) the Benton Harbor Police Department is not a legal entity subject to litigation, and (3) Plaintiff failed to state a claim upon which relief can be granted.

This Court conducted a de novo review. On review of the evidence, the R&R is adopted over Plaintiff's objections. The R&R concluded that Plaintiff first failed to state a claim against Officer Gee[1] because he "failed to allege . . . that any such parole sanctions he experienced were unlawful or the result of any improper actions by Officer Gee" (ECF No. 35 at PageID.128). Although the four pill capsules that Office Gee confiscated during Plaintiff's parole violation pat-down search did not contain a controlled substance after subsequent analysis by the Michigan State Police crime laboratory, Plaintiff did test positive for alcohol consumption in violation of the terms of his parole (ECF No. 31 at PageID.85).

---

[1] While Plaintiff's complaint names "Officer McGee" as a defendant, Defendants' motion to dismiss notes that his last name is actually "Gee."

Thus, Plaintiff's parole violation was not premised upon possession of a controlled substance, but rather, on his consumption of alcohol. As the R&R concludes, Plaintiff has failed to identify any constitutional violations that occurred during the pat-down search because Officer Gee lawfully conducted a search of Plaintiff's person after he violated the terms of his parole.

The R&R next recommends dismissal of the claims against Benton Harbor Police Department because a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. *See Schwab v. Wyoming Police Dep't*, No. 1:20-cv-336, 2020 WL 3603283, at *5 (W.D. Mich. July 2, 2020). Thus, because no claim exists against Officer Gee or the Benton Police Department, no defendants remain in this action.

Plaintiff filed "objections" to the R&R, but he failed to assert any specific objection that was not a mere disagreement with the magistrate judge's recommendation. Instead, Plaintiff "re-alleges the Defendant did as I claimed . . . did violate my United States Constitutional rights" (ECF No. 36 at PageID.130). He then proceeded to restate the facts that he alleged in his complaint. Plaintiff has failed to raise a cognizable objection to the magistrate judge's R&R or explain why the matter should not be dismissed.

Given that there are no errors in the magistrate judge's analysis and Plaintiff has failed to state a claim upon which relief can be granted, the Court will adopt the R&R and dismiss Plaintiff's complaint. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 35) as the Opinion of the Court.

4

**IT IS FURTHER ORDERED** that the Defendants' motion to dismiss (ECF No. 31) is **GRANTED**.

**IT IS SO ORDERED.**

Date:  November 17, 2021                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge